*Motor Vehicle Administration v. John W. Pollard*, No. 18, September Term 2019.  Opinion by Hotten, J.

**ADMINISTRATIVE LAW – STATUTORY REQUIREMENTS – REASONABLE GROUNDS** – The Court of Appeals held that the Administrative Law Judge ("ALJ") erred when she did not determine whether the law enforcement officer had reasonable grounds to believe that a detained individual was driving or attempting to drive a vehicle pursuant to Transportation Article § 16-205.1.  Without deciding this, the ALJ could not conclude whether Respondent violated Transportation Article § 16-205.1.

Circuit Court for Caroline County
Case No. C-05-CV-18-000156
Argued: October 2, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 18

September Term, 2019

———————————————————

MOTOR VEHICLE ADMINISTRATION

v.

JOHN W. POLLARD

———————————————————

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Greene, Clayton, Jr. (Senior Judge,
Specially Assigned),

JJ.

———————————————————

Opinion by Hotten, J.

———————————————————

Filed: December 23, 2019

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

The Motor Vehicle Administration ("MVA"), seeks review of an adverse decision by an Administrative Law Judge ("ALJ"). The MVA alleges that the ALJ failed to consider whether the detaining officer had reasonable grounds to believe that the individual, John W. Pollard ("Pollard"), was driving or attempting to drive his vehicle while under the influence of alcohol. The ALJ found that Pollard did not drive under the influence of alcohol in violation of Md. Code § 16-205.1 of the Transportation Article ("Transp.") but instead used his vehicle as a "shelter." The Circuit Court for Caroline County affirmed the ALJ's decision. We granted *certiorari* to answer the following question:

> Was the administrative law judge in error to believe that a drunk driving suspect who refused a test for alcohol concentration could avoid a license suspension by asserting the defense he was "sheltering" in a vehicle without regard to the detaining officer's reasonable grounds to believe that the motorist had been driving his vehicle while under the influence of alcohol?

For reasons discussed below, we answer that question in the affirmative and reverse the judgment of the Circuit Court for Caroline County.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

On October 1, 2017 at 12:07 a.m., Trooper John Tucker ("Trooper Tucker") found Pollard in his vehicle after responding to a trespassing call. Pollard parked his vehicle on or near the driveway of his ex-girlfriend's house, situated in a rural area off a dirt road. The keys were in the ignition, but the vehicle was parked and not running. Pollard's driver seat was reclined, and Pollard informed Trooper Tucker that he had been asleep for about thirty to forty-five minutes.

Trooper Tucker woke Pollard, observed that his eyes were bloodshot, and detected that his speech was slurred. Trooper Tucker also noticed a strong odor of alcohol emanating from Pollard's breath. Trooper Tucker initially requested Pollard leave the premises, but when he refused, Trooper Tucker asked Pollard to perform standardized field sobriety tests and take a preliminary breath test. Pollard refused. Thereafter, Trooper Tucker read Pollard the "Advice of Rights" or DR-15 form, which, among other things, advises the detained individual of the possible sanctions for refusing to take an alcohol concentration test under Transp. § 16-205.1 and the individual's hearing rights and right to participate in the Ignition Interlock System Program. Pollard then requested that Trooper Tucker contact his attorney, which Trooper Tucker did. Pollard's attorney did not answer, and Trooper Tucker did not leave a message. Pollard again refused to submit to a breathalyzer test. Trooper Tucker detained Pollard, confiscated his license, and issued an Order of Suspension for refusing to take the breathalyzer test in violation of Transp. § 16-205.1.

*Procedural Background*

On October 6, 2017, Pollard requested an administrative hearing pursuant to Transp. § 16-205.1, and requested that the ALJ subpoena Trooper Tucker to testify about whether Pollard was in actual physical control of his vehicle, whether he had an opportunity to consult his attorney, and whether his vehicle was on private property. The ALJ granted this request and moved the hearing to July 25, 2018, in Easton, Maryland where Trooper Tucker was assigned. The subpoena was issued on June 13, 2018, but Trooper Tucker did not appear at the hearing on July 25, 2018, or submit documentation justifying his absence.

At the hearing, the ALJ proceeded without Trooper Tucker and rendered a decision without Trooper Tucker's live testimony.[1] At the hearing, Pollard argued that Transp. § 16-205.1 was not applicable to him because he was not in actual physical control of his vehicle and was using it as shelter. Put another way, Pollard argued he did not violate Transp. § 16-205.1 because he did not operate the vehicle. The ALJ agreed with Pollard's argument and relied on *Atkinson v. State*, 331 Md. 199, 627 A.2d 1019 (1993), where this Court explained that an individual is not in "actual physical control" of the individual's vehicle if the individual is sheltering in the vehicle. The ALJ, however, neglected to address whether Trooper Tucker had reasonable grounds to believe that Pollard was driving or attempting to drive his vehicle as required by Transp. § 16-205.1.

The MVA timely appealed the ALJ's decision to the Circuit Court for Caroline County. The MVA argued that the ALJ improperly relied on *Atkinson* because that case involved an inapplicable criminal statute. The MVA also argued that *Motor Vehicle Administration v. Krafft*, 452 Md. 589, 158 A.3d 539 (2017) applied. In *Krafft*, this Court held that the MVA only needs to prove that the detaining officer had reasonable grounds to believe that the detained individual was driving or attempting to drive under the influence in a case arising under Transp. § 16-205.1, not that the individual was actually driving or attempting to drive. The circuit court ultimately upheld the ALJ's judgment without expressly justifying its decision.

---

[1] The Circuit Court for Caroline County subsequently found that Trooper Tucker had notice of the hearing and simply did not appear. The circuit court held that the ALJ correctly proceeded without Trooper Tucker.

The MVA timely appealed, and we granted *certiorari*.

## STANDARD OF REVIEW

When we review the decision of an administrative agency, we "review the agency's decision directly, not the decision of the circuit court." *Comptroller of Treasury v. Science Applications Int'l. Corp.*, 405 Md. 185, 192, 950 A.2d 766, 770 (2008). We defer to an agency's interpretations and decisions. *See Maryland-Nat'l Capital Park & Planning Comm'n v. Greater Baden-Aquasco Citizens Ass'n*, 412 Md. 73, 83, 985 A.2d 1160, 1166 (2009). However, we review the whole record to determine whether the ALJ's decision was supported by substantial evidence and correct conclusions of law. *Id.* at 84, 985 A.2d at 1165. Substantial evidence is evidence that "a reasonable mind might accept as adequate[.]" *Id.* at 84, 985 A.2d at 1166 (internal citations and quotations omitted).

We review an agency's decision that is premised upon the "application and analysis of caselaw" without deference to the agency's legal conclusions. *Frey v. Comptroller of Treasury*, 422 Md. 111, 138, 29 A.3d 475, 490 (2011) (internal citations and quotations omitted). If we determine the agency's decision was based on an error of law, we shall remand the case to the agency to remedy the error. *Bereano v. State Ethics Comm'n*, 403 Md. 716, 756, 944 A.2d 538, 561 (2008).

"Therefore, ordinarily the court reviewing a final decision of an administrative agency shall determine (1) the legality of the decision and (2) whether there was substantial evidence from the record as a whole to support the decision." *Gigeous v. Eastern Correctional Institution*, 363 Md. 481, 496, 769 A.2d 912, 922 (2001) (internal citations omitted).

4

# DISCUSSION

### A. *Test refusal cases are limited to the issues enumerated in Transp. § 16-205.1 as we held in <u>Krafft</u>.*

At issue is whether Trooper Tucker had reasonable grounds to believe that Pollard was driving or attempting to drive his vehicle while under the influence. Section 16-205.1 of the Transportation Article "authorizes a law enforcement officer who believes that an individual has been driving (or attempting to drive) while under the influence of alcohol to ask the individual to take a breath test for blood alcohol concentration. If the individual refuses, the individual's driving privileges in Maryland are automatically suspended[.]" *Krafft*, 452 Md. at 591, 158 A.3d at 540. One whose driving privileges are suspended may challenge the suspension in front of an ALJ; however, the individual may only contest the issues enumerated in the statute. *Id.* Under Transp. § 16-205.1, the MVA must prove that the law enforcement officer had reasonable grounds to believe that the detained individual had been driving or attempting to drive rather than prove that the individual was *actually* driving or attempting to drive. *See id.* at 592, 158 A.3d at 540-41 (holding that "in a test refusal case, there is no requirement that the [MVA] prove that the individual was actually driving (or attempting to drive) while under the influence of alcohol. Rather the relevant question is whether the officer had *reasonable grounds to believe* that the individual was doing so." (emphasis in original)).

Title 11 of the Maryland Transportation Article defines "driving" as "to drive, operate, move, or be in actual physical control of a vehicle, including the exercise of control over or the steering of a vehicle being towed by a motor vehicle." Transp. § 11-114.

5

Therefore, to sanction the individual under Transp. § 16-205.1, the MVA must show that the detaining officer had reasonable grounds to believe that the detained individual had been driving, operating, moving, or was in actual physical control of a vehicle, or was attempting to do one of these actions, while under the influence of alcohol.

Here, the MVA argues that the ALJ misapplied *Atkinson* and improperly required the MVA to prove that Pollard was in "actual physical control" of his vehicle, rather than that Trooper Tucker had reasonable grounds to believe Pollard was driving or attempting to drive while under the influence. We agree.

*Atkinson* was a criminal case involving a defendant's assertion that he was not driving or attempting to drive under the influence of alcohol but was merely "sheltering" on the side of the road. We outlined various factors to be applied when determining whether a defendant is in "actual physical control" of a vehicle for purposes of the criminal statute governing offenses related to driving while intoxicated or under the influence ("DUI"). *Atkinson*, 331 Md. at 216, 627 A.2d at 1025. For purposes of the criminal statute, the State is required to prove beyond a reasonable doubt that the defendant was driving or attempting to drive a vehicle while intoxicated. Transp. § 21-902. In *Atkinson*, the issue was whether the individual was "driving or attempting to drive" when he was sitting intoxicated and asleep in the driver's seat of his vehicle, parked on the side of the road with his keys in the ignition, but his engine off. We examined the definition of "drive," under Transp. § 11-114, and we held that what constitutes "actual physical control" will inevitably depend upon the facts of the individual case. We enumerated several factors that a court may consider in determining whether an individual is in "actual physical

6

control" for purposes of the DUI statute. After considering the applicable factors, we determined that reasonable doubt existed whether the individual was not in "actual physical control" for purposes of the criminal statute, Transp. § 21-902. *Id.* at 212-13, 627 A.2d at 1025-26.

We hold that the *Atkinson* factors do not apply to a test refusal case because the MVA is not required to prove beyond a reasonable doubt that the individual is driving or attempting to drive while under the influence of alcohol. We determine that the ALJ misapplied *Atkinson* and should not have considered the *Atkinson* factors in her decision. In other words, the ALJ should have determined whether Trooper Tucker had reasonable grounds to believe that Pollard was driving or attempting to drive while under the influence of alcohol.

### B. The ALJ must determine whether the detaining officer had <u>reasonable grounds to believe</u> that the detained individual was driving or attempting to drive a vehicle pursuant to Transp. § 16-205.1.

The MVA must prove by a preponderance of the evidence that the "investigating officer had *reasonable grounds to believe*" that the detained individual was driving or attempting to drive. *Krafft*, 452 Md. at 608, 158 A.3d at 550 (emphasis in original). "Reasonable grounds" under Transp. § 16-205.1 means "reasonable articulable suspicion," which is less than "preponderance of the evidence or probable cause." *MVA v. Shepard*, 399 Md. 241, 254, 259, 923 A.2d 100, 107, 110 (2007). "Reasonable suspicion is a common sense, nontechnical conception that considers factual and practical aspects of daily life and how reasonable and prudent people act." *Motor Vehicle Administration v. Shea*, 415 Md. 1, 19, 997 A.2d 768, 778 (2010) (internal citations and quotations omitted).

7

We consider the totality of the circumstances to determine whether the detaining officer had "reasonable suspicion," and we give deference to the detaining officer's experience and training and his or her ability to infer from his or her observations. *Id.*

In *Motor Vehicle Administration v. Carpenter*, 424 Md. 401, 36 A.3d 439 (2012), we held that the law enforcement officer had reasonable grounds to believe that Carpenter drove his truck while under the influence even though the officer did not see Carpenter driving, or attempting to drive, his vehicle. 424 Md. at 417, 36 A.3d at 448. Carpenter argued that a detaining officer cannot infer that an individual was driving or attempting to drive. *Id.* at 415, 36 A.3d at 447-48. In other words, an officer cannot base his or her "reasonable grounds to believe" on an inference. We disagreed and held that a detaining officer may reasonably infer that a detained individual was driving a vehicle while under the influence even if the officer did not actually see the detained individual driving the vehicle. *Id.* at 416, 36 A.3d at 448. "To be reasonable, an inference must be the application of 'common sense, powers of logic, and accumulated experiences in life to arrive at conclusions from demonstrated sets of facts.'" *Id.* at 416, 36 A.3d at 448. In *Carpenter*, the officer's inferences *were* reasonable because the officer responded to the scene of a car accident involving the individual's truck. *Id.* at 417, 36 A.3d at 448. Carpenter admitted that he had been traveling from Delaware to Maryland after having two beers. *Id.* The facts clearly indicated that officer's inferences were reasonable and that she had reasonable grounds to believe Carpenter was driving his truck. *Id.*

Like in *Carpenter*, Trooper Tucker did not see Pollard driving, or attempting to drive, his vehicle; thus, Trooper Tucker needed to rely on his inferences. Trooper Tucker's

8

statements reflect that Trooper Tucker had reasonable grounds to believe Pollard was driving or attempting to drive under the influence of alcohol. Trooper Tucker found Pollard in the driver's seat of his parked vehicle with the keys in the ignition. Pollard was trespassing on his ex-girlfriend's property and refused to leave. Pollard had extremely bloodshot eyes, slurred speech, and a strong odor emanating from his breath and person. Pollard refused to participate in any field sobriety tests, including a preliminary breath test. Based on these circumstances, Trooper Tucker could reasonably infer that Pollard was driving or attempting to drive while under the influence of alcohol even without observing Pollard operate his vehicle.

## CONCLUSION

In sum, we conclude that Trooper Tucker had reasonable grounds to believe that Pollard was driving or attempting to drive while under the influence of alcohol and the ALJ erred when she failed to consider Trooper Tucker's reasonable grounds.

**JUDGMENT OF THE CIRCUIT COURT FOR CAROLINE COUNTY IS REVERSED. COSTS TO BE PAID BY JOHN W. POLLARD.**

9